Dear Mr. Levy:
Your request for an opinion from this office has been addressed to me. Specifically, you have asked who has the responsibility of transporting prisoners from the Union Parish Detention Center to each of the following locations:
1. Doctor's office, hospital or clinic for medical treatment;
2. Union Parish Courthouse for court appearances;
3. Other prisons or facilities to serve their sentences.
You wish some advice on the fee or expense allowance, if any, the transporting authority is entitled to be paid for providing the service and who's responsible for paying same.
Generally, the parish governing authority is responsible for paying for the sheriff for providing the services specified in La. R.S. 33:1432. Among the services that the sheriff provides and for which he is entitled to reimbursement is the cost of transporting prisoners. La. R.S. 33:1432(4) states:
 The compensation, fees, and costs allowed sheriffs, the parish of Orleans excepted, for all services in criminal matters, shall be the following:
 (4) For transportation of prisoners to the penitentiary or other prison, for every mile which the sheriff or his deputies necessarily travel in going to and returning from, a mileage rate equal to the mileage rate established by the Division of Administration for the use of state owned vehicles. In addition, not more than two deputies shall be compensated at the rate of ten cents per mile for every mile which is necessarily traveled in going to such penitentiary or other prison; and for the expense of each prisoner conveyed, five cents per mile for going only, but not less than five dollars for each prisoner.
This office has interpreted this statute to require reimbursement for the transportation of prisoners to places other than prisons, such as hospitals, courthouses and other institutions. Op. Atty. Gen. 77-779.
The Union Parish Detention Center Commission is created by La. R.S. 15:850.2. The Commission is a "political corporation, with power to sue and be sued." La. R.S. 15:850.2(A). The statute further provides that "all persons lawfully incarcerated in Union Parish shall be incarcerated in the Union Parish Detention Center, subject to the exclusive jurisdiction and control of the Union Parish Detention Center Commission." La. R.S. 15:850.2(c).
In general, the Commission is charged with providing services for the Center that would normally be provided by the Sheriff's Office. The Commission is the keeper of the Center and the Sheriff is specifically relieved of that duty. La. R.S.15:850.4(A). Moreover, the Commission "shall have all other powers and duties of the sheriff or governing authority of a parish heretofore or hereafter provided by law for equipping, maintaining, operating, or supporting the public jail of a parish and the prisoners therein." La. R.S. 15:850.4(D). The statute provides examples of powers and duties granted the Commission unrelated to transportation. The only provision that relates to the transportation of prisoners is contained in La. R.S. 15:850.4(B), which states:
 B. Any other provision of law to the contrary notwithstanding, upon relinquishing the custody of any prisoner, to any legally authorized agency, department, or body politic, neither the Union Parish Detention Center nor the commission shall be responsible for the care, conduct, or control of such prisoner until his custody is returned to the Union Parish Detention Center and the commission, or the agents or employees of either. The responsibility for the care, conduct, and control of such prisoner in such cases shall be transferred to the agency, department, or body politic to which custody of the prisoner has been relinquished.
In sum, the law evinces an intent to place the Commission in the role of the Sheriff. It would appear that the Commission is responsible for providing transportation to prisoners to a doctor's office, hospital or clinic, courthouse or any other prison. The Commission may either provide this service itself or contract with any other legally authorized agency to provide this service. The Union Parish Police Jury is responsible for the payment of transportation services to whomever provides it under La. R.S. 15:850.5. The appropriate cost of this service is a matter for negotiation between the Police Jury, Commission and any private transportation provider. If the Commission decides to hire employees to provide transportation, it may be limited to providing reimbursement at the mileage rate established by the Division of Administration, i.e. pursuant to Policy and Procedure Memorandum No. 49. PPM No. 49 is applicable to all commissions created by the legislature "and operating from funds appropriated, dedicated, or self-sustaining; federal funds; or funds generated from any other source." I have attached a copy of PPM No. 49 to this opinion. If the Commission decides to contract with the Sheriff's Office to provide transportation, it may be limited to providing reimbursement at the rate established by La. R.S.33:1432(4) noted above.
I trust that the above adequately addresses your inquires. If you have any further questions, please contact our office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JAMES C. HRDLICKA Assistant Attorney General
RPI/JCH:vrr
Enclosure